# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

SHANTEL JAIRAM,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

AMERICAN DENTAL OF FLORIDA-FORT
LAUDERDALE, LLC, d/b/a SMILE DESIGN
DENTAL OF FORT LAUDERDALE,

    Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

**Case #: 0:19cv62238**

## CLASS ACTION COMPLAINT

Plaintiff SHANTEL JAIRAM ("Plaintiff") brings this class action against Defendant AMERICAN DENTAL OF FLORIDA-FORT LAUDERDALE, LLC, d/b/a SMILE DESIGN DENTAL OF FORT LAUDERDALE ("Defendant"), and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is a dental practice which offers routine and cosmetic dental procedures to consumers.

3. In an effort to drum-up business, Defendant engages in unsolicited marketing with no

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

regard for privacy rights of the recipients of those messages.

4. Defendant caused thousands of unsolicited text messages and phone calls to be sent to the cellular telephones of Plaintiff and class members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of Plaintiff and the below defined class members and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each text message and phone call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provide and market their services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant have sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

8. Plaintiff is a natural person and is a resident of Broward County, Florida.

9. Defendant is a Florida limited liability company, with a principal address of 2740 East Commercial Blvd., Fort Lauderdale, Florida 33308.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

16. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

**FACTS**

17. On or about January 21, 2019, in response to a promotion and/or discount offered by Defendant, Plaintiff visited Defendant's facility for a routine dental exam. Defendant examined and cleaned Plaintiff's teeth in accordance with the promotion and/or discount offered by Defendant and Plaintiff paid Defendant out-of-pocket for its service. Although Defendant *did* examine and clean Plaintiff teeth, Plaintiff was dissatisfied with the experience. Plaintiff chose not return to Defendant.

18. Shortly after Plaintiff's *first* and *only* visit to Plaintiff's facility on January 21, 2019, beginning on January 29, 2019, Defendant began sending marketing text messages and placing phone calls to Plaintiff's cellular telephone number, ending in 3206 (the "3206 Number" or "Plaintiff's Cellphone"), in an attempt to solicit Plaintiff's business without Plaintiff's prior express consent. Below is a depiction of *one* of the text messages Defendant sent to Plaintiff:

> Text Message
> Tue, Jan 29, 1:54 PM
>
> From Smile Design Ft Lauderdale: 954-938-2447 STOP=EndMsgs Call today and schedule your pending treatment and receive 10% off. Restrictions apply.

19. Defendant's tortious conduct against Plaintiff occurred in part within this district and,

on information and belief, Defendant sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here. In addition, jurisdiction in this district is proper because Defendant's principal place of business is in this district.

20. At no point in time did Plaintiff provide Defendant with Plaintiff's express consent, written or otherwise, to be contacted by text message using an automatic telephone dialing system.

21. On July 23, 2019, after it became apparent to Plaintiff that Defendant's marketing efforts directed at Plaintiff were to continue, regardless of whether Defendant had Plaintiff's consent, Plaintiff told Defendant to *STOP*, as illustrated below:

> Thu, Jul 11, 9:24 AM
>
> From Smile Design Ft Lauderdale: 954-938-2447
> STOP=EndMsgs
>
> Tue, Jul 23, 9:49 AM
>
> STOP

22. Defendant's text messages, however, did not stop, and Defendant continued to send Plaintiff text messages.

23. Plaintiff is the sole user and/or subscriber of the 2478 Number.

24. In addition to the unlawful text messages, Plaintiff received unwanted and otherwise unlawful phone calls from Defendant. Some of these calls utilized pre-recorded voice. Some or all of the calls Defendant placed to the 2478 Number were made using an ATDS. All of the calls Defendant placed to the 2478 Number were made without Plaintiff's prior express consent, written or otherwise.

25. Plaintiff has been on the National Do Not Call Registry since October 20, 2016.

26. Some of the numbers used by or on behalf of Defendant, *i.e.*, 83170 and 39858, to send Plaintiff the complained of text messages are known as a "short code." Short codes are short digit

PAGE | **5** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

27. In addition to using short codes to send Plaintiff text messages, Defendant also used a "long code" (*i.e.*, 954-519-4659). A long code is a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

28. Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

29. The impersonal and generic nature of Defendant's text messages, coupled with the fact that many originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system ("ATDS") in transmitting the messages.

30. To send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

31. The Platform has the capacity to store telephone numbers.

32. The Platform has the capacity to generate sequential numbers.

33. The Platform has the capacity to dial numbers in sequential order.

34. The Platform has the capacity to dial numbers from a list of numbers.

35. The Platform has the capacity to dial numbers without human intervention,

36. The Platform has the capacity to schedule the time and date for future transmission of

PAGE | **6** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

text messages.

37. To transmit the text messages at issue, the Platform automatically executed the following steps: [1] The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed; [2] The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's message to create "packets" consisting of one telephone number and the message content; [3] Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers; and [4] Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant.  Each mobile carrier then sent the message to its customer's mobile telephone.

38. The above execution of Defendant's instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

39. The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



40. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

messages and phone calls also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

41. For example. Plaintiff estimates that she wasted approximately ten minutes reviewing Defendant's unwanted messages. Each time, Plaintiff had to stop what she (Plaintiff) was doing, locate and retrieve her phone, dismiss the notification associated with Defendant's text message and/or open Defendant's text message, and read the message.

42. Plaintiff was at home when she received some of the complained of messages, which resulted in an audible sound and the disturbance of the domestic peace of Plaintiff's home.

43. Because of the complained of text messages, Plaintiff wasted approximately five minutes retaining counsel for this case in order to stop Defendant's unwanted text messages.

44. Because of the complained of text messages, Plaintiff wasted time responding "STOP" to Defendant so that Defendant would cease sending text messages to Plaintiff.

45. Moreover, Defendant's text messages to Plaintiff caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone. Further, Defendant's text messages took up memory space on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

46. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff and all others similarly situated.

47. Plaintiff brings this case on behalf four classes.

48. The first class is the "**No Consent to Text Class**," of which is defined as: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** were sent one or more text message **[5]** marketing, advertising, and/or otherwise promoting goods, services, or events **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** by and through an automatic telephone dialing system or equipment **[8]** and Defendant lacked the class member's express consent to send such text message(s).

49. Plaintiff is a member of the No Consent to Text Class.

50. The second class is the "**Stop Class**," of which is defined as: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** were sent one or more text message or phone call **[5]** after telling Defendant to stop **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** by and through an automatic telephone dialing system or equipment**.**

51. Plaintiff is a member of the Stop Class.

52. The third class is the "**DNC Class**," of which is defined as: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message or phone call **[5]** marketing, advertising, and/or otherwise promoting goods, services, or events **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** whereby said cellular telephone number was placed on the national do-not-call registry more than thirty-one (31) days prior to the class member being sent the subject text message(s) **[8]** and Defendant lacked the class member's express written consent to send such text message(s).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

53. Plaintiff is a member of the DNC Class.

54. The fourth class is the "**Phone Call Class**," of which is defined as: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** Defendant, or another person or entity acting on Defendant's behalf **[5]** placed telephone one or more calls to **[6]** marketing, advertising, and/or otherwise promoting goods, services, or events **[7]** by and through an automatic telephone dialing system or equipment **[8]** and without class member's express consent to place said call.

55. Plaintiff is a member of the Phone Call Class.

56. Defendant and their employees or agents are excluded from the above classes.

57. Plaintiff does not know the number of members of each class, but believes the each class members are in the hundreds, if not, thousands.

### NUMEROSITY

58. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

59. The exact number and identities of each class members is unknown at this time and can be ascertained only through discovery. Identification of each class member is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

60. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

  (1)  Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

  (2)  Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;

  (3)  Whether Defendant conduct was knowing and willful;

  (4)  Whether Defendant are liable for damages, and the amount of such damages; and

  (5)  Whether Defendant should be enjoined from such conduct in the future.

61. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

62. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

63. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

64. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class

PAGE | **11** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

65. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## **VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the No Consent Class*

66. Plaintiff re-alleges and incorporates paragraphs 1-65 as if fully set forth herein.

67. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii). "A text message to a cellular telephone qualifies as a 'call' within the meaning of the TCPA." Thomas v. Peterson's Harley Davidson of Miami, L.L.C., 363 F. Supp. 3d 1368, 1371 (S.D. Fla. 2018).

68. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. at § 227(a)(1).

69. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such

numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone text messages to the cellular telephones of Plaintiff and the other members of the Classes. These text messages and phone calls were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message or phone calls. In fact, Defendant did not have prior express consent to text or call the cell phones of Plaintiff or the other members of the putative Class when such text messages or phone calls were placed.

70. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to send non-emergency text messages and phone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

71. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the Classes were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future text messages.

72. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

(A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(B) A permanent injunction prohibiting Defendant from violating the TCPA in the future through texting cell phones using an automatic telephone dialing system;

(C) A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to text the cell phones of Plaintiff and the No Consent Class; and

(D) Any other relief the Court finds just and proper.

## COUNT II

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the Stop Class*

73.  Plaintiff re-alleges and incorporates paragraphs 1-66 as if fully set forth herein.

74.  Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to send non-emergency text messages to the cellular telephones of Plaintiff and the other members of the Class. Such text messages were sent after the called party told Defendant to *STOP*.

75.  Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to send non-emergency text messages to the cell phones of Plaintiff and the other members of the putative Class after being told STOP by Plaintiff and the other members of the Stop Class.

76.  As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the Stop Class were harmed and are each entitled $1,500.00 in damages for each violation, as Defendant knew or should have known that, after being told to STOP, it did not have any consent or authority, whatsoever, to continue sending text messages. Plaintiff and the Stop Class are also entitled to an injunction against future calls.

77.  **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

   (A)  Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

   (B)  A permanent injunction prohibiting Defendant from violating the TCPA in the future through texting cell phones using an automatic telephone dialing system;

   (C)  A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to text the cell phones of Plaintiff

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and the No Consent Class; and

(D)     Any other relief the Court finds just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(c)
*On Behalf of Plaintiff and the Do Not Call Registry Class*

78.     Plaintiff re-alleges and incorporates paragraphs 1-65 as if fully set forth herein.

79.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

80.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

81.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

82.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

83.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry

Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

84. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class were sent more than one text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

85. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

86. **WHEREFORE**, Plaintiff requests the Court to enter judgment in favor of Plaintiff and the Do Not Call Registry Class, and against Defendant that provides the following relief:

    (A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    (B) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cellular telephone numbers that have been registered for more than 31-days on the Do Not Call Registry;

    (C) Any other relief the Court finds just and proper.

### COUNT IV
### VIOLATIONS OF 47 U.S.C. § 227(b)
*On Behalf of Plaintiff and the Phone Call Class*

87. Plaintiff re-alleges and incorporates paragraphs 1-65 as if fully set forth herein.

88. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such

PAGE | **16** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the members of the Class.

89. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class.

90. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the Phone Call Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Phone Call Class are also entitled to an injunction against future phone calls.

91. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Phone Call Class, and against Defendant that provides the following relief:

(E) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(F) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cell phones using an automatic telephone dialing system;

(G) A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call the cell phones of Plaintiff and the Phone Call Class; and

(H) Any other relief the Court finds just and proper.

## JURY DEMAND

92. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

93. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

DATED: September 7, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi                .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*