UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANTEL JAIRAM,                                          CASE NO: 0:19-cv-62238-MGC

    Plaintiff,

v.

AMERICAN DENTAL OF FLORIDA-FORT
LAUDERDALE, LLC, d/b/a SMILE DESIGN
DENTAL OF FORT LAUDERDALE,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, AMERICAN DENTAL OF FLORIDA-FORT LAUDERDALE, LLC, d/b/a SMILE DESIGN DENTAL OF FORT LAUDERDALE ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 8(a)(2), hereby moves to dismiss Plaintiff, SHANTEL JAIRAM's ("Plaintiff") Complaint [ECF No. 1] for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, and states:

## INTRODUCTION

Defendant is a dental practice that treated Plaintiff or about January 21, 2019. Plaintiff's Complaint claims that Defendant later sent text messages to Plaintiff that allegedly violated the Telephone Consumer Protection Act ("TCPA"). The Complaint asserts four causes of action, three of which contend that Defendant improperly utilized an "automatic telephonic dialing system" when allegedly sending the messages. See Complaint, Counts I, II, and IV [ECF No. 1]. Plaintiff's remaining claim contends that Defendant improperly sent communications to Plaintiff at a time in which her telephone number was listed on the federal "Do Not Call" registry. See Complaint, Count III [ECF No. 1]. Plaintiff's allegations, which only specifically identify a single substantive

text message allegedly sent by Defendant, are insufficient to establish Article III standing pursuant to Salcedo v. Hanna, 936 F.3d 1162 (11th Cir. 2019). Plaintiff's Complaint therefore should be dismissed for lack of subject matter jurisdiction.

Plaintiff's claim for alleged violation of "Do Not Call" regulations is also subject to dismissal as a matter of law due to the fact that the Complaint confirms Plaintiff and Defendant possessed an "established business relationship" within the 18-month period before the alleged communications were sent, by virtue of Plaintiff's admitted purchase of dental services from Defendant. Because communications between parties to an "established business relationship" fall beyond the scope of the TCPA provisions cited in Count III of Plaintiff's Complaint, Count III fails to state a cause of action and should be dismissed.

## I.    LEGAL STANDARD

When ruling on a Motion to Dismiss, a court must take the factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. Horace-Manasse v. Wells Fargo Bank, N.A., 531 F. App'x 782, 783 (11th Cir. 2013).  Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. A party invoking federal jurisdiction bears the burden of establishing standing before a federal court may exercise jurisdiction over his claims. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). To establish standing, a plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level. See Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The Supreme Court has interpreted this

requirement to mean that the Plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim that relief is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Federal Rule of Civil Procedure 8(a)(2) requires that, to state a claim for relief, a plaintiff give a defendant "fair notice of what the claim is and the ground upon which it rests." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## II.   ARGUMENT AND MEMORANDUM OF LAW

A.   *Material Facts*

Defendant is a dental practice with a principal address in Fort Lauderdale, Florida. See Complaint, ¶ 2, 9 [ECF No. 1]. Plaintiff is resident of Florida who received treatment at Defendant's Fort Lauderdale facility on or about January 21, 2019. See Complaint, ¶ 8, 17. Plaintiff's express purpose in visiting Defendant's facility was to take advantage of a marketing promotion and/or discount offered by Defendant. See Complaint, ¶ 17. Plaintiff voluntarily accepted dental services provided by Defendant and paid for them out of her own pocket. See Complaint, ¶ 8, 17. Plaintiff alleges that Defendant began sending certain unwanted text messages and/or other communications to Plaintiff at some point after the January 21, 2019 visit. See Complaint, ¶ 18. However, the only specific communications Plaintiff identifies are a single text message relating to scheduling further discounted treatment at Defendant's office, and a second message that contains no substantive content but rather merely provides Plaintiff with the option to cease receiving further text messages. See Complaint, ¶ 18, 21.

B.   *Plaintiff Lacks Article III Standing*

Plaintiff's Complaint is principally founded upon the allegation that Defendant sent one or more unwanted text messages to Plaintiff's cellular phone in violation of the TCPA. However, the Eleventh Circuit recently held that allegations of a mere receipt of an unsolicited text message, without more, are insufficient to establish the Article III standing required for a plaintiff to bring a case in federal court. See <u>Salcedo v. Hanna</u>, 936 F.3d 1162, 1173 (11th Cir. 2019) (directing District Court to dismiss TCPA claim for lack of Article III standing). The <u>Salcedo</u> decision establishes that plaintiffs seeking to pursue TCPA claims must allege facts establishing how the "qualitative nature" of their injuries exceeded the "momentary" and "ephemeral" harm that may arise from mere receipt of an unwanted text message, which Plaintiff has failed to do. <u>Id.</u> The Complaint therefore should be dismissed or, at minimum, Plaintiff should be required to provide a more definite statement regarding the alleged messages and her alleged injuries.

The establishment of a sufficient "injury in fact" is the "foremost" of the three required elements of Article III standing. <u>Salcedo</u>, 936 F. 3d at 1166. To establish standing, the Plaintiff must allege a "concrete" injury that that "actually exist[s]." <u>Id.</u> at 1167. After discussing various authorities addressing these requirements both generally and in the specific context of the TCPA, the Eleventh Circuit determined that the "isolated, momentary, and ephemeral" harm allegedly caused by the receipt of an unsolicited text message does not constitute a concrete injury sufficient to confer Article III standing. <u>Id.</u> at 1171. The Eleventh Circuit noted that "allegations of a brief, inconsequential annoyance are categorically distinct from those kinds of real but intangible harms" that satisfy Article III's "injury in fact" requirement, a further held:

> The chirp, buzz, or blink of a cellphone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying, perhaps, but not a basis for invoking the jurisdiction of the federal courts.

<u>Id.</u> at 1172.

Like the plaintiff in Salcedo, Plaintiff's Complaint explicitly identifies only a single substantive text message when describing the harm she allegedly suffered as a result of Defendant's purported actions. The Complaint does so by reproducing a "screen shot" purportedly reflecting Defendant presenting Plaintiff with a discount on her next treatment at Defendant's office. See Complaint, ¶ 18 [ECF No. 1]. The only other purported communication specifically identified in the Complaint is an alleged second text message that does not contain any substantive content, but rather merely provides Plaintiff with the option to cease receiving communications by responding with the word "STOP." See Complaint, ¶ 21. Nothing in Salcedo's discussion of the *de minimis* impact of a single text message suggests that the result would be any different through the addition of a single follow-up message expressly providing Plaintiff with the ability to *cease* receiving messages. To the contrary, the Eleventh Circuit repeatedly confirmed that its evaluation of the plaintiff's injury was based primarily on the "qualitative" nature of the alleged injury itself, rather than the "quantity" of alleged injuries. See, e.g., Salcedo v. Hanna, 936 F.3d 1162, 1173 (11th Cir. 2019) ("Our assessment today is thus qualitative, not quantitative. We have assessed how concrete and real the alleged harm is . . . and we have concluded that it is not the kind of harm that constitutes an injury in fact."). Plaintiff's Complaint further does not allege any specific fact suggesting that this additional message caused any concrete harm to Plaintiff such that Article III standing would be satisfied notwithstanding the factors set forth in Salcedo.

Defendant acknowledges that Plaintiff has also inserted supplemental allegations into her Complaint that generically claim that additional, non-specified communications may have occurred. Specifically, after detailing the sole substantive text message identified in the Complaint, Defendant vaguely alleges that "Defendant continued to send text messages." See Complaint, ¶ 22. Plaintiff does not allege whether there was one additional text message or many, does not

provide any information regarding the content or nature of the messages, and otherwise provides no means of evaluating the alleged impact of those messages on Plaintiff. Defendant respectfully submits that this is insufficient to satisfy Plaintiff's burden in pleading a cognizable injury after Salcedo, as the parties and the Court must be afforded an opportunity to make a reasonable evaluation of whether Plaintiff suffered an injury that exceeds the mere "ephemeral" or "momentary" than that cause by receipt of an unwanted text message. Plaintiff does not plead any explicit facts regarding alleged injuries suffered as a specific result of any additional text messages, but rather merely copies non-specific language from Salcedo itself in an effort to avoid dismissal. Compare Salcedo, 936 F. 3d at 1172 ("Salcedo has not alleged anything like enjoying dinner at home with his family and having the domestic peace shattered by the ringing of the telephone.") with Complaint, ¶ 42 ("Plaintiff was at home when she received some of the complained of messages, which resulted in an audible sound and the disturbance of the domestic peace of Plaintiff's home "). While Plaintiff generally indicates that she was forced to spend time in reviewing non-specific messages from Defendant and that such messages utilized resources of her cellular phone, those allegations generally are not of the "qualitative" nature that would support Article III standing, without more, as the Eleventh Circuit indicated when expressing its dim view of the burden that such actions items would allegedly impose upon cellular phone users. See Complaint, ¶ 41, 45 (alleging expenditure of 10 minutes reviewing messages and usage of cellular phone memory or battery life); Salcedo, 936 F.3d at 1168 (comparing minimal impact of individual text messages as compared to more burdensome forms of communication such as physical facsimile transmissions). Defendant further respectfully submits that the Complaint contains indications that the generic allegations of additional communications beyond the single detailed text message may in fact constitute allegations that were inadvertently "copied" over or otherwise

included in this Complaint when they in fact relate to other parties or litigation, such as the fact that the Complaint first alleges that Plaintiff's cell phone number ends in 3206 but then directs all subsequent allegations to communications allegedly sent to an unknown telephone number referred to as "the 2478 Number." Compare Complaint, ¶ 18 ("Defendant began sending marketing text messages and placing phone calls to Plaintiffs cellular telephone number, ending in 3206 (the "3206 Number" or "Plaintiffs Cellphone") . . . .) with Complaint, ¶ 23-24 (discussing alleged communications to "the 2478 Number."). Defendant and this Court thus are unable to evaluate whether Plaintiff is truly alleging that additional communications actually occurred, the details of those communications, and other facts necessary to evaluate whether they would have any impact on Plaintiff's alleged harm pursuant to the guidance provided by Salcedo.

     Plaintiff's Complaint also contains a cursory allegation suggesting that "Plaintiff received unwanted and otherwise unlawful phone calls from Defendant" in addition to the alleged text messages. See Complaint, ¶ 24. However, the Complaint fails to identify a single such alleged phone call, fails to provide any description whatsoever as to the number of alleged phone calls or the alleged nature or content of such calls, and fails to provide any facts suggesting that Plaintiff suffered any alleged harm as a result. In fact, the portion of Plaintiff's Complaint that purports to describe the harm plaintiff allegedly suffered as a result of Defendant's actions does not make any reference whatsoever to the alleged phone calls, but rather solely refers to the alleged impact of the alleged text messages alone. See Complaint, ¶ 41-45 (discussing alleged time spent "reviewing Defendant's unwanted text messages" and other alleged inconveniences relating to text messages only). Furthermore, as stated above, the Complaint alleges that Plaintiff's cell phone number is the "3206 Number" whereas the allegations regarding the purported phone calls appear to be directed

primarily toward the alleged "2478 Number," which may or may not even represent Plaintiff's actual telephone number.

In summary, the Eleventh Circuit's decision in Salcedo establishes that the *de minimis* harm suffered by mere receipt of an unwanted text message is insufficient to confer Article III standing for purposes of a TCPA claim. Plaintiff's Complaint in truth identifies only a single substantial text message, coupled with nonspecific allegations that Defendant may have sent other text messages or phone calls. Defendant respectfully submits that these cursory allegations are insufficient to bring the facts of this case outside of the binding precedent set forth in Salcedo, which determined that the alleged harm arising from an unsolicited text message, without more, cannot support Article III standing. Plaintiff's Complaint therefore should be dismissed.

In the alternative, Plaintiff's allegations at minimum are insufficiently specific to provide Defendant with "fair notice of what the claim is and the ground upon which it rests" as is required under Federal Rule of Civil Procedure 8(a)(2). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Defendant therefore respectfully submits that Plaintiff at minimum should be required to amend her Complaint or provide a more definite statement consistent with Federal Rules of Civil Procedure 8(a)(2) and/or 12(e) in order to set forth more specific detail as to the additional text messages and/or phone calls, if any, that Defendant allegedly sent, such that the parties and the Court can adequately address their impact on the Article III standing issue in light of Salcedo and other matters relevant to evaluation of a TCPA claim.

WHEREFORE Defendant respectfully requests that the Court dismiss Plaintiff's Complaint and/or require a more definite statement, and grant any further relief the Court deems just and proper.

C.      *Count III is Barred by the Existence of an Established Business Relationship*

Count III of Plaintiff Complaint seeks to hold Defendant liable for allegedly sending telephonic communications to Plaintiff during a time period in which her phone number was listed on the federal "Do Not Call" registry in alleged violation of 47 C.F.R. § 64.1200(c), which is the regulation that implements the TCPA provisions contained within 47 U.S.C. § 227(c). See Complaint, Count III [ECF No. 1]. This claim fails to state a cause of action upon which relief can be granted insofar as the Complaint admits that Plaintiff had an "established business relationship" with Defendant during the 18-month period prior to the alleged telephonic communication.

As the Complaint admits, 47 CFR § 64.1200(c) prohibits persons or entities from initiating any "telephone solicitation" to a residential telephone number that was listed in the federal Do Not Call registry at the relevant time. See Complaint, ¶ 79 [ECF No. 1]. However, 47 CFR § 64.1200 defines "telephonic solicitation" to exclude any communications originating from an entity that possessed an "established business relationship" with the recipient. See 47 CFR § 64.1200(f)(14) (defining "telephonic solicitation" and stating, *inter alia*, "[S]uch term does not include a call or message . . . To any person with whom the caller has an established business relationship"). An "established business relationship" exists where the parties voluntarily engaged in a purchase or transaction within the 18-month period preceding the disputed communication. See 47 CFR § 64.1200(f)(5); Mainstream Mktg. Servs., Inc. v. F.T.C., 358 F. 3d 1228, 1235 (10th Cir. 2004) ("The 'established business relationship' exception allows businesses to call customers with whom they have conducted a financial transaction or to whom they have sold, rented, or leased goods or services within 18 months of the telephone call."). A single purchase or transaction is sufficient to establish a business relationship that will trigger this exception. See, e.g., United States v. Dish Network LLC, 256 F. Supp. 3d 810, 916 (C.D. Ill. 2017) ("established business relationship"

existed as to each customer who activated service with Dish Network within the prior 18 months were not actionable); Johansen v. Nat'l Gas & Elec. LLC, No. 2:17-CV-587, 2018 WL 3933472, at *1 (S.D. Ohio Aug. 16, 2018), case dismissed, No. 18-3895, 2019 WL 4597740 (6th Cir. Apr. 18, 2019) ("established business relationship" existed where plaintiff completed enrollment process with defendant and initiated communication regarding enrollment); Cf. TSA Stores, Inc. v. Dep't of Agric. & Consumer Servs., 957 So. 2d 25, 30 (Fla. 5th DCA 2007) (referencing definition of "established business relationship" under 47 C.F.R. § 64.1200(f)(4) in construing similar provisions of Florida's state "Do Not Call" statute as barring any claims where the customer made at least one purchase from the defendant).

Plaintiff's Complaint admits that she voluntarily engaged in a purchase or transaction on or about January 21, 2019 wherein Plaintiff visited Defendant's office for a dental exam, took advantage of a promotion or discount, and paid Defendant "out-of-pocket" for the services she received on that date. See Complaint, ¶ 17 [ECF No. 1]. It therefore is undisputed that Plaintiff and Defendant possessed an "established business relationship" as of at least January 21, 2019. The Complaint further admits that all of the alleged communications from Defendant occurred after the date of that January 21, 2019 purchase or transaction, and therefore necessarily occurred within the 18-month period following her transaction with Defendant. See Complaint, ¶ 18. All such communications thus do not constitute "telephonic solicitations" regulated by 47 CFR § 64.1200(c) as a matter of law, and Plaintiff consequently has failed to state a claim for violations of 47 U.S.C. § 227(c) as implemented by 47 CFR § 64.1200(c). See 47 CFR § 64.1200(f)(5) (excluding communications between parties to an established business relationship from definition of "telephonic communications" regulated by the statutes).

Defendant notes, in an abundance of caution, that Count III also includes a quotation from 47 C.F.R. § 64.1200(d), a regulation that governs the maintenance of internal "do not call" lists by an individual entity, although the Complaint does not contain a separate count seeking relief for violation of that provision nor does it set forth any facts regarding any alleged violation of that subsection. To the extent that Plaintiff may attempt to contend that she intended to state a claim under 47 C.F.R. § 64.1200(d) – which Defendant denies based upon the face of the Complaint – such claim is subject to dismissal under Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to adequately state a cause of action or to adequately plead the material facts and elements thereof, as well as dismissal under Fed. R. Civ. P. 10(b) for failure to set forth any discrete allegations regarding such claim in a separate count.

WHEREFORE Defendant respectfully requests that the Court dismiss Count III of Plaintiff's Complaint and grant any further relief the Court deems just and proper.

Respectfully submitted,

**HACKLEMAN, OLIVE, & JUDD, P.A.**
*Attorneys for Defendant*
2426 East Las Olas Boulevard
Fort Lauderdale, FL  33301
Tel:  954-334-2250
Fax: 954-334-2259

/s/ Kristy E. Armada, Esq.
Kristy E. Armada, Esq.
Florida Bar No.: 587281
karmada@hojlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2019, the foregoing document was filed through CM/ECF, which will send a copy to all counsel of record.

/s/ Kristy E. Armada
Kristy E. Armada, Esq.