UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANTEL JAIRAM,                                    CASE NO: 0:19-cv-62238-MGC

    Plaintiff,

v.

AMERICAN DENTAL OF FLORIDA-FORT
LAUDERDALE, LLC, d/b/a SMILE DESIGN
DENTAL OF FORT LAUDERDALE,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, AMERICAN DENTAL OF FLORIDA-FORT LAUDERDALE, LLC, d/b/a SMILE DESIGN DENTAL OF FORT LAUDERDALE ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby moves to dismiss Count III of Plaintiff, SHANTEL JAIRAM's ("Plaintiff") Amended Complaint [ECF No. 9] ("Complaint") for failure to state a claim upon which relief may be granted, and states:

### INTRODUCTION

Defendant is a dental practice that treated Plaintiff or about January 21, 2019. Plaintiff's Complaint claims that Defendant later sent text messages to Plaintiff that allegedly violated the Telephone Consumer Protection Act ("TCPA"). The Complaint asserts four causes of action, three of which contend that Defendant improperly utilized an "automatic telephonic dialing system" when allegedly sending the messages. See Complaint, Counts I, II, and IV [ECF No. 9].

Plaintiff's remaining claim contends that Defendant improperly sent communications to Plaintiff at a time in which her telephone number was listed on the federal "Do Not Call" registry. See Complaint, Count III [ECF No. 9]. This Count fails to state a cause of action insofar as the

Complaint confirms that Plaintiff and Defendant possessed an "established business relationship" within the 18-month period before the alleged communications were sent by virtue of Plaintiff's admitted purchase of dental services from Defendant. Communications between parties to an "established business relationship" fall beyond the scope of the TCPA provisions cited in Count III. Count III therefore is subject to dismissal for failure to state a cause of action.

Defendant contends that Counts I, II, IV are also invalid for various reasons, including but not limited application of certain TCPA exemptions relating to healthcare communications. However, in light of Plaintiff's amendment of its Complaint to include new allegations that warrant further investigation, Defendant will not address those matters by Motion to Dismiss but rather will file defenses to those claims by Answer following the Court's ruling on this Motion to Dismiss. See Ferk v. Mitchell, No. 14-CV-21916, 2014 WL 7369646, at *1 (S.D. Fla. Dec. 29, 2014); Beaulieu v. Bd. Of Trustees of Univ. of West Florida, Case No. 3:07–cv 30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) ("[A] party need not file an answer while a partial motion to dismiss is pending").

## I.   LEGAL STANDARD

When ruling on a Motion to Dismiss, a court must take the factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. Horace-Manasse v. Wells Fargo Bank, N.A., 531 F. App'x 782, 783 (11th Cir. 2013). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level. See Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The Supreme Court has interpreted this requirement to mean that the Plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim that relief is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II.     ARGUMENT AND MEMORANDUM OF LAW

A.     *Material Facts*

Defendant is a dental practice with a principal address in Fort Lauderdale, Florida. See Complaint, ¶ 2, 9 [ECF No. 9]. Plaintiff is resident of Florida who received treatment at Defendant's Fort Lauderdale facility on or about January 21, 2019. See Complaint, ¶ 8, 17. Plaintiff's express purpose in visiting Defendant's facility was to take advantage of a marketing promotion and/or discount offered by Defendant. See Complaint, ¶ 17. Plaintiff voluntarily accepted dental services provided by Defendant and paid for them out of her own pocket. See Complaint, ¶ 8, 17. Plaintiff alleges that Defendant began sending certain unwanted text messages and/or other communications to Plaintiff at some point after the January 21, 2019 visit. See Complaint, ¶ 18.

B.     *Count III is Barred by the Existence of an Established Business Relationship*

Count III of Plaintiff Complaint seeks to hold Defendant liable for allegedly sending telephonic communications to Plaintiff during a time period in which her phone number was listed on the federal "Do Not Call" registry in alleged violation of 47 C.F.R. § 64.1200(c), which is the regulation that implements the TCPA provisions contained within 47 U.S.C. § 227(c). See Complaint, Count III [ECF No. 9]. This claim fails to state a cause of action upon which relief can be granted insofar as the Complaint admits that Plaintiff had an "established business relationship" with Defendant during the 18-month period prior to the alleged telephonic communication.

As the Complaint admits, 47 CFR § 64.1200(c) prohibits persons or entities from initiating any "telephone solicitation" to a residential telephone number that was listed in the federal Do Not

Call registry at the relevant time. See Complaint, ¶ 81 [ECF No. 9]. However, 47 CFR § 64.1200 defines "telephonic solicitation" to exclude any communications originating from an entity that possessed an "established business relationship" with the recipient. See 47 CFR § 64.1200(f)(14) (defining "telephonic solicitation" and stating, *inter alia*, "[S]uch term does not include a call or message . . . To any person with whom the caller has an established business relationship"). An "established business relationship" exists where the parties voluntarily engaged in a purchase or transaction within the 18-month period preceding the disputed communication. See 47 CFR § 64.1200(f)(5); Mainstream Mktg. Servs., Inc. v. F.T.C., 358 F. 3d 1228, 1235 (10th Cir. 2004) ("The 'established business relationship' exception allows businesses to call customers with whom they have conducted a financial transaction or to whom they have sold, rented, or leased goods or services within 18 months of the telephone call."). A single purchase or transaction is sufficient to establish a business relationship that will trigger this exception. See, e.g., United States v. Dish Network LLC, 256 F. Supp. 3d 810, 916 (C.D. Ill. 2017) ("established business relationship" existed as to each customer who activated service with Dish Network within the prior 18 months were not actionable); Johansen v. Nat'l Gas & Elec. LLC, No. 2:17-CV-587, 2018 WL 3933472, at *1 (S.D. Ohio Aug. 16, 2018), case dismissed, No. 18-3895, 2019 WL 4597740 (6th Cir. Apr. 18, 2019) ("established business relationship" existed where plaintiff completed enrollment process with defendant and initiated communication regarding enrollment); Cf. TSA Stores, Inc. v. Dep't of Agric. & Consumer Servs., 957 So. 2d 25, 30 (Fla. 5th DCA 2007) (referencing definition of "established business relationship" under 47 C.F.R. § 64.1200(f)(4) in construing similar provisions of Florida's state "Do Not Call" statute as barring any claims where the customer made at least one purchase from the defendant).

Plaintiff's Complaint admits that she voluntarily engaged in a purchase or transaction on or about January 21, 2019 wherein Plaintiff visited Defendant's office for a dental exam, took advantage of a promotion or discount, and paid Defendant "out-of-pocket" for the services she received on that date. See Complaint, ¶ 17 [ECF No. 9]. It therefore is undisputed that Plaintiff and Defendant possessed an "established business relationship" as of at least January 21, 2019. The Complaint further admits that all of the alleged communications from Defendant occurred after the date of that January 21, 2019 purchase or transaction – which date was approximately 10 months prior to the filing of the Complaint – and therefore the communications necessarily occurred within the 18-month period following Plaintiff's transaction with Defendant. See Complaint, ¶ 18. All such communications thus do not constitute "telephonic solicitations" regulated by 47 CFR § 64.1200(c) as a matter of law, and Plaintiff consequently has failed to state a claim for violations of 47 U.S.C. § 227(c) as implemented by 47 CFR § 64.1200(c). See 47 CFR § 64.1200(f)(5) (excluding communications between parties to an established business relationship from definition of "telephonic communications" regulated by the statutes).

Defendant notes, in an abundance of caution, that Count III also includes a quotation from 47 C.F.R. § 64.1200(d), a regulation that governs the maintenance of internal "do not call" lists by an individual entity, although the Complaint does not contain a separate count seeking relief for violation of that provision nor does it set forth any facts regarding any alleged violation of that subsection. To the extent that Plaintiff may attempt to contend that she intended to state a claim under 47 C.F.R. § 64.1200(d) – which Defendant denies based upon the face of the Complaint – such claim is subject to dismissal under Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to adequately state a cause of action or to adequately plead the material facts and elements thereof, as well as

dismissal under Fed. R. Civ. P. 10(b) for failure to set forth any discrete allegations regarding such claim in a separate count.

WHEREFORE Defendant respectfully requests that the Court dismiss Count III of Plaintiff's Complaint and grant any further relief the Court deems just and proper.

C.      *Defendant Reserves All Defenses to Counts I, II, and IV of the Complaint*

Defendant has elected to defer filing of an Answer to the remaining claims of Plaintiff's Complaint pending the Court's ruling on this Motion to Dismiss, as authorized by the relevant authorities determining that the filing of a partial Motion to Dismiss automatically extends a defendant's deadline to file an Answer. See Ferk v. Mitchell, No. 14-CV-21916, 2014 WL 7369646, at *1 (S.D. Fla. Dec. 29, 2014); Beaulieu v. Bd. Of Trustees of Univ. of West Florida, Case No. 3:07–cv 30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) (holding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss."); Jacques v. First Liberty Ins. Corp., No. 8:16-CV-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016) ("The majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending.").

WHEREFORE Defendant respectfully requests that the Court dismiss Count III of Plaintiff's Complaint and grant any further relief the Court deems just and proper.

Respectfully submitted,

**HACKLEMAN, OLIVE, & JUDD, P.A.**
*Attorneys for Defendant*
2426 East Las Olas Boulevard
Fort Lauderdale, FL  33301
Tel:  954-334-2250
Fax: 954-334-2259

/s/ Kristy E. Armada, Esq.
Kristy E. Armada, Esq.
Florida Bar No.: 587281
karmada@hojlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2019, the foregoing document was filed through CM/ECF, which will send a copy to all counsel of record.

/s/ Kristy E. Armada
Kristy E. Armada, Esq.